

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1379-09

---

**PHYLLIS ANNE WOODALL, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

---

**PRICE, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I agree with the Court's conclusion that Pinedo's lack of memory does not render her "absent" for purposes of the Confrontation Clause, and join the Court's opinion insofar as it so holds. But I cannot join that part of the Court's opinion that holds that the appellant is estopped from complaining on appeal about Pinedo's *physical* absence from the courtroom so that she would be available for cross-examination with respect to her grand jury testimony. I write separately to explain my disagreement.

Even as the Court itself describes estoppel,[1] it errs to apply that concept here. A party may be estopped from claiming error on appeal if what he is complaining about at the appellate level is actually something he affirmatively asked the trial court to do. Nothing of that sort happened here. Any confrontation error that might have occurred in this case was the product of the State's proffer of Pinedo's grand jury testimony into evidence. The appellant did not "induce" admission of this evidence—indeed, she objected to it, on confrontation grounds. The appellant did nothing to justify the invocation of any reasonable notion of estoppel or invited error. Once she lodged her objection, the burden shifted to the State, as the proponent of Pinedo's grand jury testimony, to demonstrate that it was admissible notwithstanding the constitutional prohibition of testimony from witnesses against the accused whom he has been afforded no opportunity to confront in open court.[2]

Indeed, one could argue that the State, as proponent of the evidence, should have been the one to *insist* that the trial court issue an attachment of Pinedo, thereby assuring her physical presence in the courtroom so that the appellant would have the opportunity, should she so choose, to cross-examine her about the substance of her grand jury testimony. By this reckoning, it was the State that "induced" the error here, by asking the trial court to admit Pinedo's testimony without first demonstrating that it would be admitted only under

[1] Majority opinion (slip op. at 18 & n.12).

[2] *Vinson v. State*, 252 S.W.3d 336, 340 & n.15 (Tex. Crim. App. 2008).

circumstances that would obviate the appellant's confrontation objection. Though there is a certain tidiness to this argument that is appealing, I ultimately reject it, for the following reason.

That the burden rests with the State to establish that objected-to out-of-court testimony can be admitted without violating confrontation principles does not necessarily require any affirmative action on the part of the State to ensure it. It simply means that if the record does not somehow *establish* it, it is the State that should bear the brunt of that deficiency, and error should be declared. Here, however, the record *does* affirmatively show that an alternative was proposed that would have obviated any confrontation problem—the trial court offered to issue a writ of attachment and continue the trial for whatever period of time, presumably brief, that it would take to secure Pinedo's presence in the courtroom. This alternative would have provided the appellant the *opportunity*, at least, to cross-examine Pinedo with respect to her grand jury testimony. That all the appellant was likely to establish is that Pinedo could not presently confirm or deny her grand jury testimony because of her memory loss does not mean her confrontation rights were violated, for reasons the Court today explains.[3]

I would hold that, when the trial court offered to attach the witness, this satisfied the

---

[3] The Sixth Amendment guarantees effective cross-examination, but not cross-examination that is necessarily as effective, or effective in whatever way, as the accused would prefer. *Delaware v. Fensterer*, 474 U.S. 15, 19 (1985). It is enough for Confrontation Clause purposes that the appellant could have exposed and probed Pinedo's memory loss, which, indeed, to a certain extent she had already done in her direct testimony. *United States v. Owens*, 484 U.S. 554, 559-60 (1988).

State's burden to show that the testimony could be admitted without violating the Confrontation Clause. When the appellant flatly rejected the trial court's offer, this amounted to a knowing and intelligent waiver of any appellate complaint that Pinedo's grand jury testimony was admitted in the absence of an opportunity for cross-examination. That exposing Pinedo's memory loss with respect to her grand jury testimony was apparently not a sufficiently effective mode of cross-examination to be worth defense counsel's while does not mean that the opportunity for cross-examination, which counsel consciously opted to forego, would not have satisfied the Sixth Amendment.

Accordingly, I would hold that the appellant essentially waived her Sixth Amendment Confrontation Clause claim for purposes of appeal. I would *not* hold, as the Court does, that she is somehow estopped from raising it, or that any error that might have occurred was invited. I cannot join that part of the Court's opinion.

FILED:      March 2, 2011
PUBLISH